UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORILLARD TOBACCO COMPANY,
    a Delaware corporation,

                      Plaintiff,

Case No. 05-71050

Hon. Paul D. Borman

v.

VAN DYKE LIQUOR MARKET, INC.,
    a Michigan corporation,

                      Defendant.

| | |
|---|---|
| Kathleen A. Lang (P34695) | Amos E. Williams (P39118) |
| Nicole M. Wotlinski (P66519) | Thomas E. Kuhn (P37924) |
| DICKINSON WRIGHT PLLC | AMOS E. WILLIAMS, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 500 Woodward, Suite 4000 | 615 Griswold, Suite 1115 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| (313) 223-3500 | (313) 963-5222 |

**ORDER OF PERMANENT INJUNCTION AND DISMISSAL**

At a session of said Court held in the Federal Building, City of Detroit, County of Wayne, and State of Michigan, on 4/5/07

PRESENT:    HON. PAUL D. BORMAN
                      U.S. District Court Judge

Plaintiff Lorillard Tobacco Company ("Lorillard") and Defendant Van Dyke Liquor Market, Inc. ("Defendant"), without Defendant admitting to taking part or participating in any illegal activity or admitting liability, hereby stipulate and agree pursuant to Rule 65 of the Federal Rules of Civil Procedure as follows:

1

With regard to the registered trademarks LORILLARD®, NEWPORT®, NEWPORT® (stylized), Spinnaker Design®, and NEWPORT and Design®, registered on the Principal Register in the United States Patent and Trademark Office (collectively, the "Lorillard Marks"), it is hereby stipulated and agreed that commencing immediately from the date of entry of the Stipulation and Order for Permanent Injunction, Defendant and any of its owners, officers, agents, servants, employees, and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly:

(1) using any reproduction, counterfeit, copy, or colorable imitation of the Lorillard Marks in connection with the importation, sale, offering for sale, or distribution of cigarettes in the United States;

(2) using the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same in any manner likely to cause others to believe that Defendant's products are connected with Lorillard or are genuine Lorillard products, if they are not;

(3) passing off, inducing, or enabling others to sell or pass of any merchandise which is not genuine Lorillard merchandise as and for genuine Lorillard merchandise;

(4) making any false or misleading statements regarding Lorillard or its respective goods, or the relationship between Lorillard and Defendant;

(5) committing any other acts calculated to cause purchasers to believe that Defendant's products are Lorillard's products, if they are not;

(6) importing, shipping, delivering, distributing, holding for sale, returning, transferring, otherwise moving or disposing of, in any manner, such cigarettes falsely bearing

one or more of the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same;

(7)   other than pursuant to agreement of Lorillard, moving, destroying, or otherwise disposing of any goods, boxes, labels, packaging or other items or documents bearing any reproduction, counterfeit, or imitation of the Lorillard Marks, or removing, destroying, or otherwise disposing of any business records or documents relating in any way to the manufacture, importation, acquisition, purchase, distribution, or sale of goods or merchandise bearing any reproduction, counterfeit, or imitation of the Lorillard marks; and

(8)   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (1) through (7).

**IT IS FURTHER AGREED** that although Defendant is the only named Defendant, this Permanent Injunction shall apply with full force and effect to other stores owned or controlled by the owner(s) of Defendant.

**IT IS FURTHER AGREED** that this Action should be dismissed with prejudice, provided that the United States District Court for the Eastern District of Michigan shall retain jurisdiction to enforce this Permanent Injunction and the terms of the Settlement Agreement between the Parties.

**IT IS FURTHER AGREED** that Defendant acknowledges receipt of this Stipulation and Order for Permanent Injunction and waives further service hereof.

IT IS SO ORDERED.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated:  April 5, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 5, 2007.

s/Denise Goodine
Case Manager

**THE PARTIES STIPULATE TO THE ENTRY OF THE FOREGOING ORDER:**

| | |
|---|---|
| By:  /s/ Nicole M. Wotlinski | By: /s/ Amos E. Williams (w/consent) |
| Kathleen A. Lang (P34695) | Amos E. Williams (P39118) |
| Nicole M. Wotlinski  (P66519) | Thomas E. Kuhn (P37924) |
| DICKINSON WRIGHT PLLC | AMOS E. WILLIAMS, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 500 Woodward, Suite 4000 | 615 Griswold, Suite 1115 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| (313) 223-3500 | (313) 963-5222 |

Dated: April 5, 2007

DETROIT 28617-7 982750v1